IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIAS RICARDO MIELES-PARRAGA,

     Petitioner,

v.                                                                                        No. 2:26-cv-00646-KG-JHR

JOEL GARCIA, et al.,

     Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Elias Mieles-Parraga's Motion to Enforce Judgment, Doc. 15, and the Government's Response in Opposition, Doc. 19.  Petitioner contends that the bond hearing held on March 19, 2026, did not comply with this Court's prior order, Doc. 13.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

### I.    *Background*

Petitioner, a native and citizen of Ecuador, entered the United States without inspection in 2024.  Doc. 3 at 1–2, 6.  DHS arrested him, initiated removal proceedings, and later released him on his own recognizance under 8 U.S.C. § 1226(a)(2)(B).  *Id.* at 6.  Petitioner relocated to Albuquerque, New Mexico, complied with ICE reporting requirements, and timely submitted an I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture based on homophobic violence in Ecuador.  *Id.* at 1–2, 6.  He has no criminal history.  *Id.* at 5.

---

[1] The DAR of the Bond Hearing (March 19, 2026) is on file with the Court and lodged at Doc. 18 (the "Audio Recording").

On August 27, 2026, DHS redetained Petitioner outside the El Paso Immigration Court after a hearing. *Id.* at 2.  He remains detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.*  An Immigration Judge ("IJ") has denied his I-589 application and ordered him removed, but Petitioner has appealed to the Board of Immigration Appeals ("BIA"). *Id.* at 7–8.

On March 5, 2026, the Court concluded that Petitioner's detention violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 13 at 5.  The Court ordered the Government to provide a bond hearing at which the Government had the burden to justify Petitioner's detention by clear and convincing evidence. *Id.* at 5.

An IJ presided over a hearing on March 19, 2026. At the outset, the IJ stated: "So we have a habeas order from Judge Gonzales that flips the burden of proof, and so it's on the Government to justify [Petitioner's] detention by clear and convincing evidence."  Audio Recording at 00:54.  The IJ further advised the Government: "You have the burden tell me why his continued detention...is justified by clear and convincing." *Id.* at 2:14.  In response, the Government argued that Petitioner has had "minimal employment," and that his form of relief is speculative. *Id.*  The IJ ultimately denied bond, stating that "the DHS has justified [Petitioner's] detention by clear and convincing evidence" because "he's been ordered removed from the United States," "is a recent arrival to the United States," and "lacks significant ties." *Id.* at 7:54. The IJ's written order stated that:

> Pursuant to a habeas corpus order, the Department of Homeland Security has justified [Petitioner's] continued detention by clear and convincing evidence.  The Respondent's claim for relief has been denied, and he has been ordered removed from the United States.  The Respondent is a recent arrival to the United States and lacks significant ties to the United States.

Doc. 14-1 at 1.

2

Petitioner moves to enforce the Court's prior order. *See generally* Doc. 15. He contends that the Immigration Judge ("IJ") failed to meaningfully consider the record, including evidence that Mr. Mieles Parraga is not a flight risk and the strength of his asylum claim. *Id.* at 1–2. Petitioner therefore argues that the IJ did not properly shift the burden to the Government, as required, and that his immediate release is warranted. *Id.* The Government opposes the motion. *See* Doc. 19.

## II.    *Analysis*

The Court concludes that (A) it has jurisdiction to consider Petitioner's claim, and (B) the bond proceeding complied with this Court's prior order.

### A.    *The Court has jurisdiction to consider Petitioner's motion.*

Before reaching the merits, the Court must address the Government's argument that it lacks jurisdiction to consider Petitioner's claim. *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction). "The Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien." 8 U.S.C. § 1226(e). But § 1226(e) does not eliminate "habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017). Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)." *Miranda*, 34 F.4th at 352. This framework also reflects a district court's authority to ensure compliance with its own habeas orders. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 235–36 (W.D.N.Y. 2019) (stating that, when addressing a

motion to enforce a prior order granting conditional habeas relief, "the Court is not reviewing a discretionary judgment of the IJ under § 1226," but "determining whether the order it issued...was followed"). Under these principles, the Court has jurisdiction to determine whether the IJ complied with the due process requirements here.

      **B.**      ***The bond hearing comported with due process.***

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at a § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government. Doc. 13 at 4–5.

The record demonstrates that the bond hearing complied with the Court's directive. During the hearing, the IJ acknowledged this Court's standard, stating, "We have a habeas order from Judge Gonzales that flips the burden of proof, and so it's on the government to justify [Petitioner's] detention by clear and convincing evidence." Audio Recording at 00:54. The Government then presented evidence and argument specific to Petitioner, stating that Petitioner has had "minimal employment," and that Petitioner's form of relief is speculative. *Id*. at 2:14. The IJ ultimately found that DHS met its burden. *Id.* at 7:54; *see also* Doc. 14-1 at 1. Therefore, the record reflects that the IJ applied the correct standard.

To the extent Petitioner contends that the IJ did not meaningfully weigh the record, those arguments challenge the sufficiency of the evidence, not the procedures employed at the hearing. The Court's review is limited to whether the procedures required by due process were afforded; it does not extend to reweighing the evidence or revisiting the IJ's discretionary bond

determination.  *See* §1226(e).  Petitioner may challenge the substance of the bond decision through the BIA.

### III.    *Conclusion*

Petitioner's Motion to Enforce this Court's prior habeas order, Doc. 15, is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.